# COMPLAINT FORM
(for filers who are prisoners without lawyers)

IN THE UNITED STATES DISTRICT COURT
FOR THE **SOUTHERN** DISTRICT OF **INDIANA**
**TERRE HAUTE DIVISION**

(Full name of plaintiff(s))

**MIKEAL GLENN STINE**

vs

(Full name of defendant(s))

**MR. WATSON, COMPLEX WARDEN;
MR. UNDERWOOD, ASSOCIATE WARDEN;
MR. TAYLOR, CAPTAIN;
MR. GORE, LIEUTENANT, SIS;
MR. PARKER, LIEUTENANT SHU;
MR. SHOEMAKER, CMC, et.al.**

Case Number:

**2:19-cv-0338-JRS-DLP**

(to be supplied by clerk of court)

"**VERIFIED**"

A.   PARTIES

1.   Plaintiff is a citizen of **ARIZONA**, and is located at
     (State)
     **U.S.P./TERRE HAUTE, P.O. Box 33, TERRE HAUTE, INDIANA. 47808**
     (Address of prison or jail)

(If more than one plaintiff is filing, use another piece of paper).

2.   Defendant **MR. WATSON, Complex Warden USP/Terre Haute**
                                                          (Name)

Complaint - 1

## A. PARTIES CONTINUED FROM PAGE (1):

(3). DEFENDANT: MR. Underwood, Employed by THE Federal Bureau of Prison at USP/Terre Haute AS Associate Warden, acting under Federal law as such. Mailing Address is, 4700 Bureau Road South, Terre Haute Indiana 47802. STATED ACTION is Brought Against MR. Underwood in his official and individual Capacity.

(4). DEFENDANT: MR. TAYLOR Employed as Capt. at USP/Terre Haute a Federal facility/Bureau of Prisons acting under Federal law As Such, Mailing Address is 4700 Bureau Road South, Terre Haute, Indiana, 47802. STATE acting is brought against MR. TAYLOR In His official and individual Capacity.

(5). DEFENDANT: MR. GORE, Employed by Federal Bureau of Prisons at USP/Terre Haute AS SIS Lieutenant Whom was acting under Federal law as Such. Mailing address is 4700 Bureau Road South, Terre Haute, Indiana. 47802. Stated acting is brought against MR. GORE in His OFFICIAL and individual Capacity.

(6). DEFENDANT: MR. Parker, Employed as SHU/Lieutenant by Federal Bureau of Prisons at USP/Terre Haute. Whom was Acting under Federal law as such. Mailing Address is 4700 Bureau Road South, Terre Haute Indiana. 47802. STATE Action is brought Against MR. Parker IN HIS OFFICIAL And Individual CApacity.

(7). DEFendant: SHoemaker, CASE Management Coordinator, Employed as Case Management Coordinator by Federal Bureau of Prisons acting under Federal law as such. Mailing Address is 4700 Bureau Road South, Terre Haute, Indiana 47802. Stated Action is brought against MR. SHoemaker in His official and Individual Capacity.

"(PAGE 2A)"

is (if a person or private corporation) a citizen of __INDIANA__
(State, if known)

and (if a person) resides at __4700 BUREAU ROAD SOUTH, TERRE HAUTE, 47802:__

and (if the defendant harmed you while doing the defendant's job)

worked for __Federal BUREAU OF PRISONS / USP Terre Haute, 4700 Bureau Road South, Terre Haute, INDIANA, 47802:__

**\* CONTINUED AT PAGE 2A \***

(If you need to list more defendants, use another piece of paper.)

B.   STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

(1). This is a "Verified Complaint" based upon Plaintiff's Personal Knowledge. Plaintiff further declares under penalty of Perjury that all Statements and or Allegations herein are true and Correct under penalty of Perjury 28 USC 1746 by Plaintiff's Signature INFRA at Page (5).

(2). Plaintiff States that Defendants (WATSON); (UNDERWOOD); (TAYLOR); (GORE); And (PARKED) are responsible by their employement as Federal Correction Staff (BOP) to Provide a Reasonable Safety for Prisoners to include Plaintiff from Assault by Other Prisoners. Further the United STATES Constitution requires Stated defendants to Provide a reasonable Safety for Prisoners SEE: Farmer V. Brennan, 511 U.S. 825, 844, 114 S.Ct. 1970 (1994); Helling V. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475 (1993) (quoting DeShaney V. Winnebago County Dept. OF Social SERVICES, 489 U.S. 189, 200, 109 S.Ct. 998 (1989). And Plaintiff herein is a Verified Inmate with Protection needs because He is a former Member of the ARYAN BROTHERHOOD that Has —

**\* CONTINUED AT PAGE (3) \***

Complaint - 2

# B. STATEMENT OF CLAIM CONTINUED:

Assisted Law Enforcement in the Prosecution of the ARYAN Brotherhood organization and it's members. NOTE THE Bureau OF Prisons investigation has verified that the Gang Has green lighted/ordered that All members And or ASSOCIATES Are directed/ordered to Attack and Kill Plaintiff on Sight... This resulted in the Bureau OF Prisons requesting Plaintiff be incarcerated in a State facility for Protective needs that could not be Provided within a BOP/facility And in Oct. 2018 Plaintiff was Transferred to USP/Terre Haute to await His Approved State Placement. And Arrived at USP/Terre Haute oct 22nd 2019 and Placed in the general Population of STATED with Active ARYAN Brotherhood Sleepers being (Hit Men) for the Aryan Brotherhood and active ARYAN Brotherhood ASSOCIATES That Have Vowed to Kill Plaintiff. NOTE between oct. 23rd 2018 and May 23rd 2019 Plaintiff was Attacked at least 5-Times with WEApons being Knifes and Combination locks in Socks Stabbing Plaintiff in Arm and busting Plaintiff's Head Open with lock in sock... Plaintiff told Staff whom told Plaintiff Get away and deal with your Problems your-self... Not once but Several times. SIS officials being Lt. Gore, and SIA refused to talk to Plaintiff about the ISSUE as did Warden Watson, and Associate Warden Underwood or Captain TAYLOR... Plaintiff ask FoR Administrative Remedy from His Counsel ORR the one responsible FoR issuing Plaintiff Administrative Remedy on the ISSUE of SAFety And Staff facilitating Plaintiff's Attacks by fellow inmates. And MR. ORR The only one allowed to Provide administrative remedy's refused and Told Plaintiff He Could not Have administrative Remedy, and on Wednesday July 3rd 2019 Plaintiff advised Warden Watson; Captain TAYLOR; And Lt Gore about being denied Administrative Remedy on the above issue to which Warden Watson replied No you cant Have No Administrative Remedy on SAFety or Anything else. Thus Administrative Remedies on issues raised Herein ARE EXHAUSTED 28 USC 1915 ; And Unavailable to Plaintiff.

(3). On May 23rd 2019 Plaintiff was Called to USP/Terre Haute Lieutenants OFFICE at approximately 0730 Hours Where Lieutenant Keller stated Were locking you up to the Special Housing Unit FoR SIS investigation... Taking Plaintiff to Cell B/Lower Cell 137 With General Population inmate Kenneth B. Riser And later Moved Plaintiff to B/Lower Cell # 122 With General Population inmate Eric Hartwell Where the Plaintiff

*CONTINUED AT PAGE 3A*

## B. STATEMENT OF CLAIM CONTINUED FROM PAGE (3):

- remains at this writing... NOTE upon arriving at USP/Terre Haute on Oct 22nd 2018 Defendant MR. Shoemaker Advised that He Had Killed Plaintiffs State Placement transfer that He (Plaintiff) was Appropriate for USP/Terre Haute Completely disregarding Plaintiff's Protection needs, And Assigned Plaintiff to B-1 General Population. Where The assaults Started. NOTE Within Couple Days (Irish Mob) Member/Associate of the Aryan Brotherhood advised the Plaintiff that Staff Had Told Them I was A High Power informant And That I Had Testified before Federal Grand Jury in Los Angeles California For The Government in 2017 and Showed Plaintiff a Copy of the Grand Jury Subpoena from the Court. They Went on to Advise that Staff Had advised that I Assisted the Government in obtaining Double Murder indictment against Federal Inmate/Aryan Brotherhood Associate Dan Costo in which the Government Will SEEK the Death Penalty Against Inmate Costo for the Two Murders At USP/Victorville... Plaintiff learned that inmates (Ship); (Kimberly); (Cash); and inmate Known as (Weasel) to Plaintiff. THESE USP/Terre Haute inmates Had obtained these Documents VIA/corrupt USP/Terre Haute Staff Whom disliked Plaintiff for Past lawsuits against Staff of Federal Bureau of Prisons in Federal Courts throughout the United States, A Federal Protective Right, To Address Wrongs imposed by Federal officials, THE acts above were told to (MR. Watson Warden); And (MR. Underwood Associate Warden); and (SIS) by written Cop-out and in Person at Mainline Chow Where the Administrative Staff address inmate complaints Daily. Defendant's (Watson); (Underwood) and (Shoemaker) Stated Welcome to USP/Terre Haute deal with your Problems, And Anything My Staff does I Support... Were done Here, And Directed me to leave. THE B-1 Counselor refused me administrative Remedy on the issue between 10-22-2018 And 10-31-2018 The acts Herein supports Retaliation for Plaintiff filing Non-Frivolous Complaints And Has Placed the Plaintiffs Safety At Jeopardy SEE: Benefield v. McDowall, 241 F.3d. 1267, 1271 (10th Cir. 2001) (It's Clearly Established that labelling—

"(PAGE 3A)" "Continued at Page 3B"

B. STATEMENT OF CLAIM CONTINUED FROM PAGE 3A:

inmate A snitch etcetera in front of other inmates or disclosing information about A specific inmate very well could lead other prisoners to attack the specified inmate constitutes deliberate indifference, Citing cases from several jurisdictions) Also SEE: Northington v. Marin, 102 F.3d. 1564, 1567, (10th Cir. 1996) (Defendants Admission that Spreading rumor that specific inmate is informant would lead to them being attacked by fellow inmates). NOTE SINCE MAY 23rd 2019 numerous staff including all Named Defendants Have called Plaintiff Rat/Snitch etcetera in Special Housing Unit Where approximately 30 Plus General Population Inmates Have Heard. SEE: Nichols V. Watson No. 19-CV-00183-JPH-DLR And Griffin v. Watson 19-CV-00184-JPH-DLR First Amended Verified Complaint And Verified Emergency Motion For TRO/Preliminary in-Junction And letter Motions to This Court And Riser/Affidavit Attached before this Court That Plainly States Have Numerous Staff and the Named Defendants Have Called Plaintiff (Mikeal Stine); (Donald Nichols); and Sidney Griffin Rats/ informants And Even threated to arrange and facilitate each of their Murders to include Plaintiff's Murder. These acts Are intentional and ment to Cause Plaintiff's further Attacks... The Conduct Continues daily And as A Matter of Law the Continued Violation of Constitutional Rights Constitutes "Irreparable Injury" SEE: Elrod V. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, (1976); American Trucking Associations, Inc. V. City of Los Angeles, 559 F.3d. 1046, 1058-59 (9th Cir. 2009). This Principle has been applied in Prison Litigation generally SEE: Jolly V. Coughlin, 76 F.3d. 468, 482, (2nd Cir. 1996). Additionally Plaintiff states that the defendants know that Plaintiff is targeted by Gangs (Aryan Brotherhood) And know of the risks to the Plaintiff Herein and have failed to Correct, This Shows A Complete and Total Systematic deficiencies in Protection of Inmates and Plaintiff.

(4). Plaintiff States that All Named defendants Have —
"Continued At Page 3C"
(Page 3B)

## B. Statement of Facts Continued From Page 3B:

- Place him the Special Housing Unit as needing protection ... However placed Plaintiff in cell with general population inmates, and further place Plaintiff in holding cell in SHU/with other inmates when Plaintiff is in need of medical attention and places Plaintiff in recreation pens with various general population inmates and transports Plaintiff with various general population inmates and Federal Courts have consistently held that the mixing of P/C inmate like Plaintiff with general population violates the eighth amendment/ deliberate indifference to the P/C inmates safety SEE: Miller v. Shelby County, 93 F.Supp.2d. 892, 899-900 (W.D. Tenn. 2000) (Mixing P/C inmates with general population gang members violates the Eighth Amendment); Little v. Walker 552 F.2d. 193, 195-97 (7th Cir. 1977) (Placement of inmates needing protection in same unit with violent prone inmates such as Special Housing Units supports Eighth Amendment claim); Tillery v. Owens, 719 F.Supp. 1271, 1276 (W.D. Pa. 1989) (Permitting general population inmates to mingle with P/C inmates even for short periods of time violates the Eighth Amendment), aff'd at 907 F.2d. 418 (3rd Cir. 1990); Occoquan v. Barry, 717 F.Supp. 854, 867 (D.D.C. 1989) (Prohibiting placement of P/C inmates in same unit with punitive segregation inmates); and Ashley v. Dilworth 715 F.3d. 717 (8th Cir. 1998) (That placement of inmate in close proximity of known enemies constitutes imminent danger); All being imposed on Plaintiff by named defendants at USP/Terre Haute & SHU of same.

(5). Plaintiff's states the Defendants mixing him with general population inmates to await his next assault constitutes IMMINENT DANGER and that he need not await another assault before obtaining relief from the Court Farmer v. Brennan, 511 US. 825, at 845, 114 S.Ct. 1970 (1994) Wherefore Plaintiff will see TRO/Preliminary Injunction that will prevent further attacks on Plaintiff at same time as Complaint being filed Herein the Defendants (Watson); (Underwood); (Taylor); (Gore); (Packer) and (Shoemaker) Acts Herein demonstrate Complete deliberate indifference for Plaintiffs safety

"Continued at Page 3D"

Page 3C

## B. STATEMENT OF FACTS CONTINUED FROM PAGE 3C:

- by failing to act reasonably in Response to danger Farmer V. Brennan, 511 U.S. 825 at 828, 834-47, 114 S.Ct. 1970 (1994); Goka V. Bobbit, 862 F.2d 646, 651 (7th Cir. 1988) (The Constitution is violated where defendants know of the danger or where threat of violence is substantial or pervasive that Defendants knowledge could be inferred, yet the defendants failed to embrace a policy or take reasonable steps which may have prevented harm); SEE; Clem V. Lomeli, 566 F.3d. 1177, 1181-82 (9th Cir 2009) (Jury can be instructed that defendants failure to act can support a findings of Deliberate indifference). SEE; Reece V. Groose, 60 F.3d. 487, 491 (8th Cir. 1995) (Prisoner who has been labelled a snitch and P/C inmate as result was subjected to risk sufficiently obvious to support Defendant's knowledge). Further the defendants purposefully avoiding knowledge can also amount to deliberate indifference ALSO SEE; Velez V. Johnson, 395 F.3d. 732, 736 (7th Cir. 2005) (Officer notified of risk can be held liable even if he had no knowledge of the details of the risk, to hold otherwise would essentially reward guards who put their heads in the sand by making them immune from suit — the less a guard knows the better... This view is inconsistent with Farmer)" The defendants releasing the Plaintiff on Oct 22nd 2018 to general population of USP/Terre Haute "A High-Security General Population violates Deliberate indifference SEE; Gullatte V. Potts, 654 F.2d. 1007, 1013 (5th Cir. 1981) (Releasing informant (known) to High security general population violates Deliberate indifference); Redman V. City of San Diego, 942 F.2d. 1435, 1444, (9th Cir 1991) (en banc) (double-celling P/C with General Population violates the eighth amendment...

Plaintiff herein states that all of the Defendants in the Acts in the Foregoing constitute Imminent danger and violated Deliberate indifference to be Protected as required by the eighth Amendment and that Plaintiff is entitled to Relief from Stated Acts:

(6). Plaintiff is a THREE Strike inmate under "IMMINENT DANGER at all times Herein".

"PAGE 3D"

C. **JURISDICTION**

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331. <u>BIVENS V. SIX UNKNOWN NAMED Agents OF Federal Bureau Narcotics, 403 U.S. 388 (1971). FOR Money DAMAGES And Injunctive Relief:</u>

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D. **RELIEF WANTED**

Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

(1). Jury Trial on All issues Raised by this instant "Verified" Complaint Pursuant To BIVENS V. SIX UNKNOWN NAMED Agents OF Federal Bureau of Narcotics, 403 U.S. 388 (1971).

(2). Find defendants (WATSON); (UNDERWOOD); (TAYLOR); (GORE); (PARKER); And (SHOEMAKER) Were deliberately indifferent to Plaintiff's Safety and Award Plaintiff $2,000,000.00 From each Defendant and Further Award Plaintiff Punitive Damages in the Amount of $4,000,000.00 Dollars From each Defendant to Show this type of Conduct Will Not be tolerated.

(3) Find that the defendants Conspired and retaliated against Plaintiff And did Conspire to Allow Plaintiff to be attacked For His Administrative Complaints And Lawsuits Against BOP/STAFF Awarding Plaintiff $1,000,000.00 From each Named Defendants And $2,000,000.00 Punitive Damages From each Named Defendant.

(4). Find Defendants Watson; Underwood; SHOEMAKER; TAYLOR; GORE And PARKER; Violated the Eighth Amendment/Deliberate indifference by Mixing Plaintiff A Protective Custody Inmate With General Population Inmates At USP/Terre Haute to include in The Special Housing Unit.

(5). ORDER THE Defendants to Pay the Plaintiff's All Costs of This Action - "CONTINUED AT PAGE 4A"

Complaint - 4

## D. RELIEF CONTINUED FROM PAGE (4):

And Reasonable attorney fee's.

### INJUNCTIVE RELIEF BELOW

(6). Order The Defendants to immediately CEASE MIXING Protective Custody inmates with any other Classification inmates, this includes Transporting; Temporary Holding Cells with other than P/C INMATES; Celling with other than Protective Custody INMATES; and Recreating with other Than Protective Custody INMATES.

(7). ORDER THE Defendants to immediately Designate a Range in the Special Housing Unit Protective Custody to Seperate P/C inmates From USP/Terre Haute General Population inmates.

(8). Order Defendant Warden Watson to immediately restrict all Security Staff from being able to browsing through INMATE records without Direct Supervision of Unit Manager And to develope Procedures that will NOT Allow staff to Copy Documents From inmates files other than the inmates Unit teams.. (This will Prevent Corrupt Staff Copying SENSITIVE Documents From disliked inmates files that Could Cause the Specified inmates safety to be Jeapordised.

(9). ORDER The defendant Warden Watson to immediately Cease Celling Plaintiff with General Population inmates and That He be Completely Seperated From USP/Terre Haute General Population inmates, And That Warden Watson And GORE determine the Names of inmates (CASH); (Weasel); (Kimberly); (Bama) And (SKIP) that were involved in Checking And Obtaining Paper work on Plaintiff And that the file CIM Seperation.. Further that defendants Shall develope Procedures Where a —

(Continued At PAGE 4B)

"PAGE 4A"

## D. RELIEF CONTINUED FROM PAGE 4A:

When placed in SPECIAL HOUSING UNIT For Protection that it NOT Amount To Punishment and Same restrictions as Disciplinary Segregation inmates. That Administrative Detention inmates/P/C be allowed to Purchase Store items that don't Jeopardise Security And Allow their Personal Property that Don't Jeopardise Security, And interview the inmates obtaining the information of Known enemies and That they NOT Be Celled On Same ranges, Recreated at Same time or transported In Same Vechiles With each other.

(10). Appoint Special Master for 18-Months to help Develope Policy And Procedures to ensure P/C Inmates Are Completely Seperated From Any other Classification inmates Such As; general Population; Administrative Segregation; Disciplinary Segregation and Constitutionally rights Are Provided to P/C inmates, And That Defendants bare All costs of Stated Special Master And that STATED Master be allow unannounced visits to the Facility USP/Terre Haute, Be allowed unannounced Visits With Any Inmates At USP/Terre Haute And allowed Full Access to complete inmate Records to include SIS Files on inmates, And At the end of the 18-Months that if Court feels Neccessary Can Extend Appointment For 12-Months.

(11). Whatever Else This Court Deems Neccessary And Will SERVE Justice For All Parties Herein.

(PAGE 4B)

E.  **JURY DEMAND**

☒ Jury Demand – I want a jury to hear my case

OR

☐ Court Trial – I want a judge to hear my case

Dated this __5th__ day of __July__ 20__19__.

Respectfully Submitted, AS True And Correct Under Penalty Of Perjury Pursuant to 28 USC 1746.

_Mikeal Glenn Stine_
**Signature of Plaintiff**

__55436-098__
**Plaintiff's Prisoner ID Number**

__Mikeal Glenn Stine #55436-098 / USP Terre Haute__
__P.O. Box 33, Terre Haute Indiana, 47808__

(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

☒ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.